

EXHIBIT
1



**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**DATE:** August 30, 2006

**FROM:** Peter J. Phipps
Department of Justice, Civil Division, Federal Programs Branch
Fax: (202) 616-8470
Tel.: (202) 616-8482

**TO:** David F. Barton, Esq.
The Gardner Law Firm
Fax: (210) 733-5538
Tel.: (210) 733-8191

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE): 3**

**MESSAGE:**



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

*Via U.S. Mail:*           *Via Special Delivery:*
P.O. Box 883, Rm. 7136     20 Massachusetts Ave., NW
Washington, DC 20044       Washington, DC 20001

Peter J. Phipps            Telephone:    (202) 616-8482
Trial Attorney             Fax:          (202) 616-8470
                           Email:        peter.phipps@usdoj.gov

August 30, 2006

*Via Facsimile (210) 733-5538 &*
*First Class U.S. Mail*

David F. Barton, Esq.
The Gardner Law Firm
745 E. Mulberry Ave, Suite 100
San Antonio, TX 78212
(210) 733-8191

Re:   Subpoena to United States Commission on Civil Rights in Rothe Dev., Inc. v.
      Dep't of Defense, SA-98-CA-1011-XR (W.D. Tex.).

Dear Mr. Barton:

      I write to object to your subpoena to the United States Commission on Civil Rights dated August 11, 2006 (and served on August 16, 2006). As we discussed in our phone calls, it is quite possible that, despite its diligent efforts to assess its position with respect to your subpoena, the Commission will need additional time to determine, as required by law, whether to disclose the information that your subpoena requests. As you know from our prior correspondence, the General Counsel must first confer with the other federal agencies who provided the information, see 45 C.F.R. § 705.12, and then the Commission must determine whether to release the information, see 45 C.F.R. § 704.4(c). Accordingly, I object to your subpoena because it does not provide a reasonable time for the Commission to complete such requisite inter- and intra-agency coordination.

      Let me be very specific about the nature of this objection lest there be any confusion. The Commission does not intend to use these regulations as a substantive basis ultimately to withhold the documents you request. Rather, the Commission will follow its regulations which direct that such inter- and intra-agency communications are a prerequisite to production of documents from other federal agencies. See 45 C.F.R. §§ 704.4(c), 705.12. Because there is the possibility that such inter- and intra-agency communications will reveal an independent basis to withhold production of the documents upon which the Commission may decide not to produce the documents, I hereby reserve the Commission and/or the originating agency's right to raise additional objections at a later date, should that become necessary as a result of these coordination processes. But, as of this time, my objection is solely to the fact that your subpoena

does not provide a reasonable time for the Commission to complete the requisite inter- and intra-agency coordination.

Also, I take this opportunity to point out an error in your "Certificate of Conference" attached to your recent Motion to Compel sent for filing in United States District Court for the District of Columbia in the above-referenced case on August 28, 2006. In that, you certify to the Court the fact that I did not return your 'meet and confer' telephone call on August 23, 3006. That is untrue. I returned your call that morning, and then when you did not respond, I replied by letter sent via facsimile. After receiving my letter, you called me that evening, and we discussed your intent to file a motion to compel. I am not attempting to impute bad-faith to your erroneous certification; I understand the certification was likely written on August 23, but after our communications that day, there should be no doubt that the certification is not accurate. I hope and trust that you will find an appropriate means to correct the certification.

Finally, on the topic of a 'meet and confer' for your Motion to Compel, let me reiterate the position that I expressed on the phone with you on Monday, August 28. I do not believe that your Motion is ripe because there is not yet a cognizable dispute. The time for production under your subpoena does not expire until September 5, 2006, and the Commission may make production on or near that date. Consequently, I remain convinced that the most prudent and efficient means of resolving this matter is to await the completion of the requisite inter- and intra-agency coordination, but certainly no dispute is ripe before the expiration of the production deadline.

Please contact me at (202) 616-8482, if you would like to discuss this matter further.

Sincerely,

*Peter J. Phipps*

Peter J. Phipps