

EXHIBIT 2

# THE GARDNER LAW FIRM
A PROFESSIONAL CORPORATION
745 EAST MULBERRY AVENUE, SUITE 100
SAN ANTONIO, TEXAS 78212-3167

DAVID F. BARTON
WM. RICHARD DAVIS (Retired)
JAY K. FARWELL
DAWN B. FINLAYSON
GREGORY M. HUBER
R. WES JOHNSON[†]
MARY Q. KELLY  (Of Counsel)
BRAD L. SKLENCAR[††]
WILLIAM W. SOMMERS
THOMAS J. WALTHALL, JR.
[†]*Board Certified-Consumer & Commercial Law*
[††]*Board Certified-Labor & Employment Law*
*Texas Board of Legal Specialization*

TELEPHONE
(210) 733-8191

TELECOPIER
(210) 733-5538

E-MAIL ADDRESS
gardner@tglf.com

August 31, 2006

**VIA FACSIMILE (202) 616-8470**

Mr. Peter J. Phipps
Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001

    Re:    Civil Action No. SA-98-CA-1011-XR; *Rothe Development Corp., a Texas Corporation vs. The United States Department of Defense and The United States Department of the Air Force;* United States District Court, Western District of Texas, San Antonio Division

Dear Mr. Phipps:

    I am in receipt of your facsimile dated August 30, 2006, reiterating your objection regarding a reasonable time for the U.S. Commission on Civil Rights to comply with the subpoena served August 16, 2006 and produce the requested document(s).

    I cannot agree with the use of the regulations you cite to unreasonably delay production by the Commission. It borders on the surreal to acknowledge that 45 C.F.R. § 705.12 and 45 C.F.R. § 704.4(c) are not substantive bases for the Commission to withhold production, while citing to them as required procedures in order to delay production. There is no independent basis afforded by the regulations cited for any agency, including the Commission, to withhold or delay production here, because the authority for the regulations is the Privacy Act, and the requested production clearly does not fall within the scope of the Privacy Act. There is no other independent authority beyond the Privacy Act for an objection that would be raised during any interagency consultation. The regulations are not a global consultation procedure encompassing the universe of potential objections. They are a limited procedure that cannot exceed the scope of the Congressional enactment they were promulgated pursuant to (the Privacy Act)—an enactment that protects a limited interest in the disclosure of personally identifiable information that clearly is not implicated by the subpoena here.

    Rothe's motion to enforce the subpoena and compel production is ripe, therefore, because there is no basis for the interagency consultation objection and because that is the only objection

**THE GARDNER LAW FIRM**
A PROFESSIONAL CORPORATION

Mr. Peter Phipps
USDOJ
August 31, 2006
Page -2-

---

delaying production that could otherwise occur immediately.  It is irrelevant that the expiration of the subpoena is September 5, 2006 because the objection has been made.  Only in the absence of an objection would a ripeness question exist.

    Regarding communications: At the time the motion to enforce the subpoena and compel production was originally written, I had not received a call back.  As you correctly note, however, you had left a message and sent a fax to my office earlier in the day on August 23.  A temporary receptionist, who is no longer with our firm, was staffing the front desk that day and I did not receive these messages until around the close of business, after the motion had been written.  We then conferred by phone.  A subsequent conversation occurred on August 28.  The upshot of these two conversations was that the regulatory consultation objection discussed above had been made and Rothe anticipated filing its motion, much as would have likely occurred in the absence of any conference, due to the Commission's prior letter objection of August 11.  A decision was made by Rothe in the August 23 call to delay filing the motion temporarily.  Upon further reflection, however, the continuing objection made filing the motion necessary.  This letter will be sent as an advisory to the Court to clarify the matter.  In Rothe's view, the relevant communication is the letter objection of August 11, continued in the phone conversations and the letter of August 30.

    We urge the Commission to remove its inapplicable regulatory objection and make the production immediately, and are hopeful this will occur in the next few days.

    Thank you for your assistance in this matter.  Should you have any questions, please contact me at 210-733-8191.

Very truly yours,

THE GARDNER LAW FIRM
A Professional Corporation

David F. Barton

/brp
Encs.
dfb1/7827.004\Appeal 3\ L-Opposing Counsel (Phipps) 8-31-06 (subpoena USCCR).doc